**WILLIAM E. WINFIELD** (State Bar #122055)
**NELSON COMIS KETTLE & KINNEY LLP**
5811 Olivas Park Drive, Suite 202
Ventura, California 93003
Telephone: (805) 604-4106
Facsimile: (805) 604-4150
Email: wwinfield@calattys.com

Attorneys for Brittany Green Goode

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | Chapter 7 |
| BRITTANY GREEN GOODE | Case No.: 2:23-bk-11522-BR |
| Debtor. | Adv. No.: |
| BRITTANY GREEN GOODE, | Judge Barry Russell |
| Plaintiff, | COMPLAINT TO DETERMINE DEBT DISCHARGEABLE |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION; and ED FINANCIAL SERVICES, LLC, | [11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001] |
| Defendant. | |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND THE DEFENDANT HEREIN:

### I. PLAINTIFF'S COMPLAINT

Plaintiff Brittany Green Goode files this Complaint against Defendant EDFINANCIAL SERVICES, LLC, on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

---

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 1 -

## II. PARTIES

### A. Plaintiff

1. Brittany Green Goode is a citizen of the State of California, residing in the Central District of California.

### B. Defendant

2. EDFINANCIAL SERVICES, LLC is a corporation headquartered in the State of Tennessee, and can be served at 298 N. Seven Oaks Dr., Knoxville, TN 37922-2369.

## III. JURISDICTION AND VENUE

3. This Adversary Proceeding is brought under Plaintiff's Chapter 7 Case Number 2:23-bk-11522-BR.

4. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

5. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

### A. Background of the Problem

7. The federal student loan program was originally designed in response to Sputnik. After the successful launch of the Soviet rocket, the U.S. government became worried that the Russians were outpacing Americans in science and math education. In order to make Americans more competitive in the space race, the government authorized the creation of the National Defense

Education Act in 1958 and the Guaranteed Student Loan Program (now the Stafford Loan) in 1965.

8. Even by the 1970s, few students needed loans to go to college. The average cost of tuition was only $2,587 and the average debt for a medical student was only $13,469. With Pell grants, scholarships, and summer jobs, even kids from lower-income backgrounds could often make it through college debt free. But largely in response to anecdotal evidence about a few dishonest lawyers filing for bankruptcy immediately after graduation, Congress made student loans presumptively non-dischargeable in bankruptcy for the first five years of repayment, unless excepting such discharge would impose an "undue hardship" on the debtor or her dependents. Although this rule was at odds with the fundamental purpose of the bankruptcy code, it was perhaps a reasonable exception as it only applied to the first five years of repayment.

9. Congress did not define "undue hardship" in 1978 but instead left that determination to the courts. Over the next thirty years, courts wrestled with meaning of "undue hardship," creating and discarding nearly a dozen test, working within and without the text of the statute, now commingling the court's equitable powers under section 105 with the court's mandate under section 523(a)(8), now refusing to do so. Over time, two tests have emerged triumphant from the cauldron of judicial lawmaking: the *Brunner* Test ("*Brunner*") and the Totality of the Circumstances Test ("TOC"). These two tests are supplemented with wide disagreement over whether courts are permitted to discharge one of several loans, a practice known as "partial discharge."

10. After *Brunner* and TOC had codified the meaning of "undue hardship," Congress amended section 523(a)(8) in two chief ways: (1) abolishing the five year time frame and making student loans non-dischargeable in perpetuity; and (2) adding subsection 523(a)(8)(B) which excepted from discharge qualified private student loans. The problem with these amendments is that the "undue hardship" standards were created when courts were only charged with determining whether

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 3 -

repayment of federally insured loans with capped interest rates during the first five years would constitute an undue hardship. Both Brunner and the Totality of the Circumstances test are therefore incredibly harsh because courts knew that after five years, the debt could be discharged without any showing of additional financial strain whatsoever.

11. Although Brunner/TOC is binding precedent in this Circuit, Plaintiff humbly prays that this Court reconsider the applicability of that precedent given the changing legal landscape of section 523(a)(8) since the time Brunner/TOC was enacted.

B. **Plaintiff Files For Bankruptcy**

12. Plaintiff borrowed $22,478.00 from Defendant in order to attend University of California Irvine between 2002 and 2005.

13. Plaintiff borrowed $133,009.00 from Defendant in order to attend California Institute of the Arts between 2007 and 2014.

14. Owing to circumstances beyond her control, Plaintiff filed for bankruptcy in this Court on March 16, 2023 under Chapter 7 of Title 11. Prior to the commencement of Plaintiff's bankruptcy case, Plaintiff owed defendants student loans.

C. **Plaintiff's Personal Information and Present Ability to Pay**

15. Plaintiff's combined student debt is now $155,487.00. Plaintiff's current income is $4,717.79 per month from her contract job, ebook sales, and working Doordash. After considering payroll deductions of $600.25, her net monthly take home pay is $4,159.46. Plaintiff's current monthly living expenses are $3,935.00 as reflected in Schedule J of her Bankruptcy Schedules. Below is a chart comparing Plaintiff's expenses to the IRS standards.

| Expense | Plaintiff's Actual Expense | IRS Allowed Amount (for a household of 1) |
|---|---|---|
| Rent | $1,750 | $1,966 |

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 4 -

| | | |
|---|---|---|
| Home maintenance, repair and upkeep and utilities | $300 | $578 |
| Phone internet | $200 | $170 (IRS Miscellaneous) |
| Food and housekeeping supplies | $650 | $471 |
| Clothing laundry and dry cleaning | $60 | $99 |
| Personal care products and services | $225 | $45 |
| Medical and dental expenses | $115 | $75 |
| Transportation | $200 | $375 (IRS operational allowance) |
| Entertainment, clubs, recreation, newspapers, magazines and books | $250 | n/a |
| Health Insurance | $55 | n/a |
| Vehicle Insurance | $130 | $588 (IRS ownership allowance) |
| **Total** | **$3,935** | **$4,367** |

16.  Most of Plaintiff's expenses are below IRS standards for the particular categories and on aggregate of the total expenses, the Plaintiff is also below IRS allowed expenses. It would be unconscionable for this Court to require Plaintiff to reduce her expenses further than she has already reduced them. Plaintiff can't decrease her monthly expense budget in any way. Plaintiff's expense budget does not include any frivolous expenses. Plaintiff contributes nothing to retirement even though she has very little savings.

D. **Future Circumstances**

17.  Plaintiff's student loans entered repayment on or about November 27, 2009. Plaintiff's student loans cost her approximately $294.03 each month because she is on an income-based repayment program which she has been on for years. She has to reapply every year.

18.  At the current repayment program, Plaintiff will never be able to pay off her student

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 5 -

loans. Plaintiff can't maintain a minimal standard of living if required to repay her student loans to Defendant, even at the reduced monthly payment amount. Plaintiff lives paycheck to paycheck and has no disposable income left over each month to repay her student loans. Plaintiff has over $150,000 in student loans and will never be able to fully amortize her student loans with Defendant.

19. Plaintiff's continued employment at her full-time contract job is questionable as her current employment contract is up in June 2023 and may not get renewed.

20. Additional circumstances prove Plaintiff's state of affairs above is likely to persist in the future. Plaintiff has used her Master of Fine Arts degree to maximized her income potential as much as possible. Plaintiff is not expecting any inheritance or gifts in the future that might allow her to repay her student loans. Plaintiff has no assets she could sell to repay her student loans. Plaintiff's rent and other monthly expenses continue to increase and her wages don't keep up with the costs of living

### E. Plaintiff's Prior Efforts to Repay Loans

21. Plaintiff has been attempting to pay off her student loans since they went into repayment on or about November 27, 2009. She has even reapplied for the income-based repayment program for 10 years to attempt to pay off the loans.

22. Plaintiff has made a good faith effort to try to repay her loans. She has maximized income by working full-time, ebook sales, and driving Doordash. She has also minimized expenses to the best of her ability. Plaintiff's job as a Project Coordinator at BRC Imagination Arts, LLC is the highest paying job she can find.

### F. Plaintiff's Assets

23. Plaintiff's ony significant asset is her 2014 Jeep Compass which has $9,908 in equity as shown in Schedule A/B of her bankruptcy schedules. Plaintiff has exempted all of her minimal assets

including the equity in her vehicle. Even if Plaintiff had not exempted the equity in her vehicle, it would be unreasonable to expect Plaintiff to liquidate this asset in order to pay her student loans. Plaintiff needs her vehicle to maintain a minimal standard of living for herself. Plaintiff would therefore have to purchase a new vehicle if this asset were liquidated. Additionally, requiring Plaintiff to liquidate the $9,908 in equity in her vehicle to pay down her student loans would still leave approximately $146,079 due, and there is no showing that Plaintiff would have the ability to satisfy this part of the student loans after liquidating the vehicle and paying $9,908. For these reasons, liquidation of the asset would be inappropriate.

## V. CLAIMS FOR RELIEF

### A. Count One: Determination of Dischargeability – 11 U.S.C. § 523(a)(8)

24. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

25. Plaintiff is entitled to discharge of her student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on her.

26. Plaintiff meets the standard for undue hardship as articulated in *Brunner*/Totality of the Circumstances.

27. Accordingly, Plaintiff prays this Court discharge her private student debt in part or in total.

## VI. PRAYER

28. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

1) Declaratory and injunctive relief;

2) Determination of dischargeability;

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 7 -

3) An order determining Plaintiff's debts to Defendants as alleged above are discharged pursuant to 11 U.S.C § 523(a)(8) because excepting Plaintiff's debts to Defendant from discharge would impose an undue hardship on Plaintiff under the three-prong *Brunner* test; and an award of costs; and

4) For other such relief as the Court deems just and proper.

Respectfully Submitted,

Dated: May 8, 2023

NELSON COMIS KETTLE & KINNEY LLP

BY: William E. Winfield, Esq.
Attorneys for Plaintiff Brittany Green Goode

NELSON COMIS KETTLE & KINNEY LLP
5811 Olivas Park Drive, Ste. 202
Ventura, CA 93003

COMPLAINT TO DETERMINE DEBT DISCHARGEABLE

- 8 -